IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL ROYSTON and RACHEL
ROYSTON, husband and wife,

    Plaintiffs,          Civ. No. 6:20-cv-1611-MK

  v.              OPINION AND ORDER

GUARANTY RV, INC., an Oregon
Corporation, et al.

    Defendants.

**MCSHANE, Judge**:

  In September 2018, Plaintiffs purchased a fifth wheel recreational vehicle (the "RV") from Defendant Guaranty RV, Inc. At the time of purchase, the RV's "interior was dusty," its "hall carpet was worn," and it "had signs of minor damage throughout." Motion for TRO, ¶¶ 2.25-2.27. Plaintiffs left the RV at the dealer for repairs. The dealer promised to make the repairs. Plaintiffs soon noticed additional defects. *See id.* at ¶ 2.49 (noting Plaintiffs discovered faulty wiring, sewer handles, RCA cables, a faulty TV, and "A Hazardous bundle of wires in the wall behind the Television.").

  Plaintiffs notified the dealer of the defects and also called the manufacturer, Defendant Eclipse Recreational Vehicles, Inc. For the next few months, Plaintiffs communicated with the dealer and the manufacturer concerning the alleged defects. When the dealer attempted to fix the

1 – OPINION AND ORDER

RV's flooring, it noticed leaks and water damage. *Id.* at ¶¶ 2.65-2.66. In March 2019, Plaintiffs picked up the RV from the dealer.

"During their third camping trip, Plaintiffs discovered that the RV still had feedback noise and electrical problems." *Id.* at ¶ 2.72. On the fourth camping trip, "Plaintiffs noted that the RV still had a high pitched frequency noise, and the electrical system was still defective, including the leveling system." *Id.* at ¶ 2.77. Plaintiffs again dropped the RV off at the dealer for repairs. Plaintiffs requested a replacement RV.

"During their fifth camping trip, Plaintiffs discovered defects including: A) Feedback noise continued; B) Missing hardware; and C) Electrical defects." *Id.* at 2.86. Plaintiffs again requested a replacement RV. After several more months of repairs and discussions regarding a replacement RV, "Plaintiffs mailed demand letters to all parties in attempt to encourage early dispute resolution." *Id.* at ¶ 2.104.

As of September 15, 2020, "the RV had been in the repair facility in excess of 450 days" out of the 738 days Plaintiffs owned the RV. *Id.* at 2.116-2.117. Plaintiffs are making monthly payments of roughly $450.00 per month. *Id.* at 2.119 (noting that in 24 months Plaintiffs had made $11,336.54 in monthly payments).

Plaintiffs filed this action bringing claims of negligent repair, breach of warranty, revocation of acceptance, rescission, and reimbursement. Plaintiffs move for a temporary restraining order "suspending Plaintiffs' monthly loan payments and preventing adverse credit reporting during the pendency of this litigation." *Id.* at 2.

## STANDARD OF LAW

A party seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The mere possibility of irreparable harm is not enough. Rather, the plaintiff must establish that this harm is likely. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Economic damages, which may be remedied with a later judgment for monetary damages, do not constitute irreparable harm. *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1203 (9th Cir. 1980). The standards for issuing a temporary restraining order are like those required for a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Ca. 1995).

## DISCUSSION

Below is Plaintiffs' entire argument regarding irreparable harm:

> **C. THE LOAN PAYMENTS ARE CAUSING PLAINTIFFS IRREPARABLE HARM.**
>
> The possibility of injury is not remote; it is immediate, ongoing and certain. In fact, Plaintiffs have already lost thousands of dollars of monthly loan payments for an RV they are unable to use, and which they do not even possess. The materially defective RV remains at Defendants' dealership, yet Plaintiffs continue to make monthly loan payments. Plaintiffs cannot afford to finance the purchase of a substitute RV while also making payments on the defective RV. Worse yet, if Plaintiffs cease making the monthly loan payments, Defendants will credit report adverse information to the major Credit Reporting Agencies, which will prevent Plaintiffs from securing financing for a replacement RV. As a result, Plaintiffs are suffering significant prejudice every month that they make a loan payment for the defective RV, and Plaintiffs will suffer significant prejudice through damage to their credit reports if they cease making their monthly payments without an Order from this Court.
>
> Conversely, Defendants, large corporations, could not possibly demonstrate significant prejudice by suspending this single transaction during the pendency of this litigation.

Motion for TRO, 19.

3 – OPINION AND ORDER

Plaintiff's alleged irreparable harm, in the form of "thousands of dollars of monthly loan payments," are standard money damages that will be recouped upon a favorable judgment. *Los Angeles Memm'l Coliseum*, 634 F.2d at 1203. And Plaintiffs submit not one shred of evidence in support of the argument that they seek to immediately purchase a substitute RV but (1) cannot afford to do so if they continue making monthly payments on the RV at issue or (2) will be unable to do so if they stop cease payments and Defendants report the default to credit reporting agencies. Conspicuously absent is any evidence, in the form of a sworn declaration, in support of Plaintiffs' argument that absent injunctive relief they will suffer irreparable harm. Because Plaintiffs fail to demonstrate any imminent threat of irreparable harm, the Court does not delve into the question of whether Plaintiffs are likely to succeed on their claim of rescission.[1]

## CONCLUSION

Because Plaintiffs present no evidence demonstrating the likelihood of irreparable harm, Plaintiffs motion for a temporary restraining order, ECF No. 29, is DENIED.

IT IS SO ORDERED.

DATED this 14th day of December, 2020.

                                                       /s/ Michael McShane
                                                         **Michael J. McShane**
                                                  **United States District Judge**

---

[1] The Court does, however, note that simply placing 60 pages or so of work orders into the record does not necessarily tilt the scale in Plaintiffs' favor. The Court is unable to discern whether the repairs at issue were repeated, unsuccessful attempted repairs, or rather successful repairs for new issues previously undiscovered. And if the latter, as Plaintiffs submit no caselaw demonstrating they are entitled to relief, the Court is unaware at this time if this issue is important.

4 – OPINION AND ORDER